UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUROPE ROSHELLE COLBERT,

    Plaintiff,

v.

Case No. 25-cv-11082
Honorable Linda V. Parker

SHARDE LATRICE MARSHALL,
DARRELL DAIZON REED, JR.,
HALY TRISHELLE REED, and
SHANEIKA PATRICE REED,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE

On April 15, 2025, Plaintiff filed this lawsuit against Defendants. (ECF No. 1.) On the same date, Plaintiff also filed an application to proceed in forma pauperis ("IFP") pursuant to 19 U.S.C. § 1915. (ECF No. 2.) The Court is granting Plaintiff leave to proceed IFP but is summarily dismissing the Complaint without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2).

When a complaint is filed IFP, the district court must conduct a summary review pursuant to § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d at 604-05 (6th Cir. 1997). Upon review, the court must dismiss the action if it determines

that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  While a reviewing court must liberally construe pro se pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l*, 556 F.3d 459, 465 (6th Cir. 2009).

In the Complaint, Plaintiff claims that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.  (ECF No. 1 at PageID.3.) Pursuant to § 1331, "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  As relevant here, § 1331 confers federal subject matters jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).

Plaintiff alleges only slander—a state-law claim—in the Complaint.  A federal claim is not plausibly alleged even when construing the pleading liberally.

Thus, federal subject matter jurisdiction cannot be based on § 1331.  And while Plaintiff pleads damages far exceeding $75,000—in fact, Plaintiff claims $38 million in damages—Plaintiff and Defendants are all Michigan citizens. Therefore, diversity jurisdiction under § 1332 is lacking as well.

    Accordingly,

    **IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**;

    **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) due to a lack of subject matter jurisdiction.

                                                      s/ Linda V. Parker  
                                                      LINDA V. PARKER  
                                                      U.S. DISTRICT JUDGE

Dated: April 17, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 17, 2025, by electronic and/or U.S. First Class mail.

                                                      s/Aaron Flanigan  
                                                     Case Manager